IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ANTHONY LAFAYETTE                                                                    PLAINTIFF

V.                                                                        NO. 4:16-CV-241-DMB-DAS

MARSHALL FISHER, et al.                                                            DEFENDANTS

## ORDER

On April 25, 2017, following a *Spears*[1] hearing, United States Magistrate Judge David A. Sanders issued a Report and Recommendation recommending that Anthony Lafayette's claims against Marshall Fisher, R. Pennington, and Sgt. Epps be dismissed; that Lafayette's claims of denial of medical care and denial of due process be dismissed; and that process issue against Sgt. Crawford and Lt. Thigpen for Lafayette's claim of excessive force. Doc. #10 at 6. The Report and Recommendation warned:

> Objections [to the Report and Recommendation] must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court ...." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178 (1995).

*Id*. at 6–7.

Lafayette acknowledged receipt of the Report and Recommendation on April 28, 2017. Doc. #15. To date, no objections to the Report and Recommendation have been filed. Accordingly, this Court's review of the Report and Recommendation is limited to plain error. *Morales v. Mosley*, No. 3:13-cv-848, 2014 WL 5410326, at *2 (S.D. Miss. Oct. 22, 2014) (citing

---
[1] *Spears v. McCotter*, 776 F.2d 179 (5th Cir. 1985).

*Shelby v. City of El Paso*, 577 F. App'x 327, 331 (5th Cir. 2014) ("When there has been no objection to a report and recommendation, review is limited to plain error.").

In his complaint and at the *Spears* hearing, Lafayette contends that the defendants' failure to file his ARPs constitutes a denial of due process claim. He further contends that he has lost over three years of good-time credits as a result of the defendants' refusal to process his ARPs. The Report and Recommendation recommends that Lafayette's due process claim be dismissed because (1) "Lafayette must pursue a claim that he was deprived of his right to good-time credits through a habeas corpus action, not a § 1983 suit;" (2) "Mississippi law does not provide prisoners with a constitutionally protected liberty interest in earning good-time credits;" and (3) "inmates have no constitutional right to an adequate grievance procedure." Doc. # 10 at 5. However, based on Lafayette's allegations, Lafayette does not complain about the *adequacy* of the grievance procedure; rather he complains about the defendants' failure to abide by the established procedures of the administrative remedies program and the defendants' failure to file his ARPs in the first place.

The Fifth Circuit has recognized that inmates may have a right to prison grievance procedures in some instances. *See Gartrell v. Gaylor*, 981 F.2d 254, 259 (5th Cir. 1993) ("Because this court has recognized that a prisoner may have a protected liberty interest in prison grievance procedures, … we are not willing to say, as the district court did, that a claim such as Gartrell's has no arguable basis in law."). Accordingly, construing all inferences in Lafayette's favor, the Court finds that the Report and Recommendation should not be adopted to the extent it recommends dismissal of Lafayette's denial of due process claim relating to the alleged failure to allow him to utilize the administrative remedies program. The Court, however, has found no plain error upon review of the remainder of the Report and Recommendation.

It is therefore **ORDERED**:

1. The Report and Recommendation [10] is **ADOPTED in Part** and **REJECTED in Part** as the order of the Court.

2. Marshall Fisher, R. Pennington, and Sgt. Epps are **DISMISSED** from this action;

3. Lafayette's claims of denial of medical care and denial of due process due to loss of property are **DISMISSED**;

4. Lafayette's claim of excessive force shall **PROCEED** against Sgt. Crawford and Lt. Thigpen; and

5. Lafayette's claim of denial of due process, as it relates to the alleged failure to allow him to utilize the administrative remedies program, shall **PROCEED**.

**SO ORDERED**, this 12th day of July, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**